# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEREK LAVONN BERRY, <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK SERVICES, INC., CARTER BROTHERS SECURITY SERVICES, LLC, CARTER BROTHERS ARAMARK INTEGRATED FACILITIES MANAGEMENT, LLC, and JOHN CARTER, <br><br> Defendants. | Case No. 18-cv-459 <br><br> Judge Susan J. Dlott <br> Magistrate Judge Karen L. Litkovitz |

## Agreed Protective Order

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual;

1

(e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**.

(a) **Documents**: A party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions containing the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean the document has any status or protection by statute or otherwise except for the purposes of this Order.

(b) **Deposition Testimony**: A party may designate deposition testimony as Confidential Information by advising opposing counsel in writing within thirty days after receipt of the deposition transcript, or at such other time mutually agreed upon by the parties, of the pages and lines of the deposition that the designating party requires to be treated as confidential. All deposition transcripts shall be treated as Confidential Information until the expiration of thirty days after receipt of the deposition transcript, unless otherwise agreed to by the parties in writing or on the record at the deposition. Any party may, on the record at the deposition, designate deposition testimony as Confidential

2

Information by advising all persons present that the party believes that portion of the deposition in question falls under the scope of this Order.

4. **Protection of Confidential Material**.

(a) **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

(b) **Limited Third-Party Disclosures**. The parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel for the parties and employees of counsel;

(2) The parties to this litigation, including any employees, agents, and representatives of the parties;

(3) The Court and Court personnel, including any Special Master appointed by the Court;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(6) Consultants, investigators, or experts employed by the parties or parties' counsel to assist in the preparation and trial of this action but only after the consultant or expert completed the certification contained in Attachment A;

(7) Potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation); and

(9) Mediator appointed by the Court or jointly selected by the parties;

(10) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as "CONFIDENTIAL." Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

5. **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Fed. R. Evid. 502. If a party designates a document as CONFIDENTIAL after it was initially produced, the receiving party, on

notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated CONFIDENTIAL, even where the failure to so designate was inadvertent and where the material is subsequently designated as CONFIDENTIAL.

6. **Inadvertent Production of Privileged Information.** The inadvertent production of any material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not itself constitute a waiver of the applicable privilege or doctrine. Inadvertent production of privileged material includes the mistaken production of privileged material that has been reviewed by the disclosing party's attorneys prior to production. Upon receipt of notice of an inadvertent production, the receiving party shall (1) promptly sequester material subject to a claimed privilege and any copies of it if a challenge to the claimed privilege is being made or (2) if no challenge to the claimed privilege is being made, return the material subject to a claimed privilege and any copies of it, including deletion of any versions of the privileged materials on any database the receiving party maintains. The receiving party shall also take reasonable steps to retrieve the information if it has been further disclosed, and make no use of the information contained in the privileged materials. If the receiving party contests the claim of privilege, it shall notify the disclosing party in writing. Within 21 days after it reasonably appears that good faith efforts to resolve the dispute have failed, the disclosing party may apply to the Court for an order that such materials are protected from disclosure by privilege. Any claimed privileged material sequestered pending determination by the Court as to whether it is privileged must not be used or disclosed until the privilege issue is resolved, and thereafter shall be treated in accordance with the Court's determination of the issue.

7. **Filing of Confidential Information**. In the event a party seeks to file a document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate, submitting the document for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.

8. **No Greater Protection**. Except on privilege grounds, no party may withhold information from discovery on the ground it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges to Confidential Designation**. The designation of any material or document as "CONFIDENTIAL" is subject to challenge by any party. Before filing any motion or contacting the Court regarding an objection to a confidential designation, the objecting party must comply with Local Rule 37.1. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as confidential under the terms of this Order.

10. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates another party may present Confidential information at a hearing or trial shall bring the issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a)     If a receiving party is served with a subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

12.     **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been

7

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13. **Obligations at Conclusion of Litigation**.

   (a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of Confidential Documents**. Within 60 days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing Confidential Information, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) the document bears notations, summations, or other mental impressions of the receiving party.

   (c) **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided its use does not disclose or use Confidential Information.

14. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination**. This Order is entered based on the parties' representations and agreements and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound by Protective Order**. This Order takes effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

17. **Applicability to Parties Later Joined**. If additional parties join this lawsuit, they must not be given access to Confidential Information unless they execute and file with the Court their written agreement to be bound by this Order.

18. **Jurisdiction**. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED.**

DATED: 3/21/19

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

**HAVE SEEN AND AGREED TO:**

Dated: March 21, 2019

/s/ *Bradley L. Gibson  (with permission)*

Bradley L. Gibson (0085196)
GIBSON LAW, LLC
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
brad@gibsonemploymentlaw.com
Telephone: (513) 834-8254
Facsimile: (513) 834-8253

*Attorney for Plaintiff Derek LaVonn Berry*

/s/ *Patricia Anderson Pryor*

Patricia Anderson Pryor
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
patricia.pryor@jacksonlewis.com

Thomas F. Hurka (admitted *pro hac vice*)
Eric M. Makinen (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001
thomas.hurka@morganlewis.com
eric.makinen@morganlewis.com

*Attorneys for Defendant Aramark Services, Inc.*

/s/ *Patricia J. Downing (with permission)*

Patricia J. Downing
LAW OFFICE OF PATRICIA J. DOWNING, LLC
1248 Nilles Road, Ste. 7
Fairfield, OH 45014
Telephone: (513) 642-7046
Facsimile: (513) 829-9888
pat@downinglawoffice.com

*Attorney for Defendant John F. Carter*

/s/ *David A. Campbell (with permission)*

Nathaniel Lampley, Jr. (0041543)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-4000
Facsimile: (513) 723-4056
nlampley@vorys.com

David A. Campbell (0066494)
Gregory C. Scheiderer (0087103)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 479-6100

Facsimile: (216) 479-6060
dacampbell@vorys.com
gcscheiderer@vorys.com

*Attorneys for Defendant Carter Brothers Aramark Integrated Facilities Management, LLC*

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DEREK LAVONN BERRY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ARAMARK SERVICES, INC., CARTER BROTHERS SECURITY SERVICES, LLC, CARTER BROTHERS ARAMARK INTEGRATED FACILITIES MANAGEMENT, LLC, and JOHN CARTER,**<br><br>**Defendants.** | Case No. 18-cv-459<br><br>Judge Susan J. Dlott<br>Magistrate Judge Karen L. Litkovitz |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned acknowledges he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms of the Protective Order, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person or entity. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

PRINTED NAME: _____

EMPLOYER: _____

JOB TITLE: _____

BUSINESS ADDRESS: _____

DATE: _____     _____
                                 SIGNATURE